IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TERRENCE M. BOOTH,**

    Plaintiff,

v.                                                                                            Civil Action No. **3:19CV128**

**JEAN–CLAUDE NOEL,**

    Defendant.

## MEMORANDUM OPINION

Terrence M. Booth, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983.[1] The action proceeds on the Particularized Complaint filed by Booth. (ECF No. 17.) For the reasons that follow, the Court will dismiss the action as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and §1915A.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. The Court construes Booth to bring this action pursuant to § 1983 because he indicates that the Defendant violated his "Fifth and Fourteenth Amendment right to the United States Constitution" (Part Compl. 2), as well as "his rights under the Eighth Amendment" (*id.*).

first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570,

rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Allegations

Booth brings this action against Defendant Jean-Claude Noel who "is a homicide detective for/of the Norfolk Police Dep't in Norfolk, Virginia." (Part Compl. 1.)[2] Booth alleges:

> 2. On or about January 22, 2018, after Plaintiff's murder trial acquittal, Jean-Claude Noel tendered a statement to Virginian Pilot-Ledger Star editor, Johnathan Edwards, that "[H]ayes (an unreliable witness in Plaintiff's murder trial) said 'Booth confessed to him about the 2016 murder of Jalil Skinner and the shooting of the two other men.'"
> 3. That same day, the Virginian Pilot-Ledger Star newspaper published Jean-Claude Noel's fabrications without exercise of due diligence to corroborate Noel's concocted story.[3]
> . . . .

---

[2] The Court employs the pagination assigned to the Particularized Complaint by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spacing and omits the emphasis in quotations from the Particularized Complaint.

[3] *See* Jonathan Edwards, *Suspect Acquitted in shooting of homeless man as Norfolk prosecutors lose another murder trial*, THE VIRGINIAN-PILOT, Jan. 22, 2018, https://www.pilotonline.com/news/crime/article_ca956406-8055-5511-b702-d54c3623b92f.html.

3

> 5. Defendant Noel's statement to the press about a murder and two shootings, which Plaintiff has never been question[ed] about, violated Plaintiff's rights under the Fifth[4] and Fourteenth[5] Amendment to the United States Constitution.
> 6. Defendant Noel's statement to the press, put Plaintiff's life in peril, which resulted in Plaintiff being accosted by family members and friends of Jalil Skinner and the two other shooting victims. Defendant Noel's actions violated Plaintiff's rights under the Eighth Amendment[6] to the United States Constitution and caused Plaintiff emotional distress.

(*Id.* at 1–2 (first alteration in original.)) Booth seeks a declaration that "the acts and omissions described herein violated his rights under the Constitution," a permanent injunction "ordering Defendant Noel to vindicate Plaintiff's name via media and [the] Virginia Pilot-Ledger Star newspaper," and monetary damages. (*Id.* at 2–3.)

### III. Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). The Court finds it both unnecessary and inappropriate to engage in an extended discussion of Booth's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke*, 490 U.S. at 324)). Booth states that his claims are brought pursuant to the Fifth, Eighth, and Fourteenth Amendments. Although given ample opportunity to do so, Booth fails to explain

---

[4] "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury . . . ." U.S. CONST. AMEND. V.

[5] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. CONST. AMEND. XIV, § 1.

[6] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. AMEND. VIII.

4

how Defendant Noel violated his constitutional rights by making a statement to the newspaper about Booth. At most, Booth contends that "Noel's statement to the press about a murder and two shootings . . . violated [Booth's] rights under the Fifth and Fourteenth Amendment[s]" and "resulted in [Booth] being accosted by family members and friends of . . . the . . . shooting victims . . . [and] violated [Booth's] rights under the Eighth Amendment." (*Id.* at 2.) Booth fails to suggest, and the Court fails to discern, how Noel's statement to the newspaper about his investigation plausibly violated Booth's Fifth, Eighth, or Fourteenth Amendment rights. Rather, Booth's vague conclusions are nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that are insufficient to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678 (citation omitted).[7] Accordingly, Booth's claims are DISMISSED WITH PREJUDICE for failure to state a claim and as legally frivolous.

## IV. Conclusion

Booth's claims will be DISMISSED WITH PREJUDICE. The action will be DISMISSED as frivolous and for failure to state a claim.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: **NOV 2 2 2019**
Richmond, Virginia

---

[7] Although Booth couches his allegations against Noel in terms of federal constitutional violations, Booth's claims appear to sound in libel, a state law cause of action. Generally, supplementary state law claims should be dismissed if the federal claims are dismissed before trial. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Thus, even if Booth had squarely presented a claim of libel or any other state law cause of action, in light of the preliminary dismissal of Booth's federal claims and the insubstantial nature of those federal claims, the Court would decline to exercise its discretion to retain any claim for a violation of his rights under state law. *See Jenkins v. Weatherholtz*, 909 F.2d 105, 110 (4th Cir. 1990).

5